# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| BRANNON CASTLEBERRY, | :  |
| Plaintiff, | :  C.A. No. 9:22-cv-4133-RMG |
| v. | : |
| SIDNEY POWELL, SIDNEY POWELL, P.C., AND DEFENDING THE REPUBLIC, INC., | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF
## POWELL DEFENDANTS' MOTION TO DISMISS

CHANDLER & DUDGEON LLC

s/Amanda K. Dudgeon
Fed. ID. No. 9681
E-mail: mandi@chandlerdudgeon.com

KENNEDYS

Joshua A. Mooney
Joshua.Mooney@kennedyslaw.com
(*pro hac vice* motion forthcoming)
Marc Casarino
marc.casarino@kennedyslaw.com
(*pro hac vice* motion forthcoming)

*Attorneys for Sidney Powell and Sidney Powell, P.C.*

Dated: April 10, 2023

**TABLE OF CONTENTS**

**NATURE AND STAGE OF PROCEEDINGS** .............................................................................. 1

**STATEMENT OF FACTS** ........................................................................................................... 3

**GOVERNING STANDARDS** ...................................................................................................... 4

**ARGUMENT** ................................................................................................................................ 5

**I.     PLAINTIFF DID NOT SERVE POWELL DEFENDANTS** ............................................. 5

    A.  **Plaintiff Did Not Serve Sidney Powell** .................................................................... 5
    B.  **Plaintiff Did Not Serve Sidney Powell, P.C.** ........................................................... 6

**II.    THERE IS NO PERSONAL JURISDICTION OVER POWELL DEFENDANTS** ........ 7

    A.  **Defendants Lack South Carolina Contacts for General Jurisdiction.** .......................... 7
    B.  **The Claim Does Not Arise From Events in South Carolina for Specific Personal Jurisdiction** ............................................................................................................... 9

**III.   THERE ARE NO CLAIMS UPON WHICH RELIEF CAN BE GRANTED** ............... 10

    A.  **There is No Defamation Claim** .............................................................................. 10
    B.  **There is No Tortious Interference with Contract Claim** ............................................ 12
    C.  **The Negligence Claim is Not Cognizable** .......................................................... 13

**CONCLUSION** ......................................................................................................................... 13

**TABLE OF AUTHORITIES**

**CASES** PAGE(S)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..... 4, 13

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*,
441 S.W.3d 345 (Tex. App. 2013) ..... 10

*BNSF Railway Co. v. Tyrell*,
137 S. Ct. 1549 (2017) ..... 8

*CFA Inst. v. Inst. Of Chartered Fin. Analysts of India*,
551 F.3d 285 (4th Cir. 2009) ..... 7

*Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*,
259 F.3d 209 (4th Cir. 2001) ..... 9

*Cozzarelli v. Inspire Pharmaceuticals, Inc.*,
549 F.3d 618 (4th Cir. 2008) ..... 14

*Daimler A.G. v. Bauman*,
571 U.S. 117 (2014) ..... 8

*Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*,
753 S.E.2d 840 (S.C. 2012) ..... 12

*Eldeco, Inc. v. Charleston Cty. Sch. Dist.*,
642 S.E.2d 726 (S.C. 2007) ..... 12

*Ellicott Mach. Corp. v. John Holland Party Ltd.*,
995 F.2d 474 (4th Cir. 1993) ..... 7

*Erickson v. Jones St. Publishers, LLC*,
629 S.E.2d 653 (S.C. 2006) ..... 13

*ESAB Grp., Inc., v. Centricut, LLC*,
34 F. Supp. 2d 323 (D.S.C. 1999) ..... 7

*Federal Ins. Co. v. Lake Shore Inc.*,
886 F.2d 654 (4th Cir. 1989) ..... 7

*Fleming v. Rose*,
   567 S.E.2d 857 (S.C. 2002) .................................................................................................. 11

*Foster v. Arletty 3 Sarl*,
   278 F.3d 409 (4th Cir. 2002) ................................................................................................... 7

*Gault v. Thacher*,
   367 F. Supp. 3d 469 (D.S.C. 2018) .......................................................................................... 9

*Goines v. Valley Community Servs. Bd.*,
   822 F.3d 159 (4th Cir. 2016) ................................................................................................... 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ................................................................................................................. 9

*Holtzscheiter v. Thomson Newspapers, Inc.*,
   506 S.E.2d 497 (S.C. 1998) .................................................................................................. 10

*Johnson v. Oroweat Foods Co.*,
   785 F.2d 503 (4th Cir. 1986) ................................................................................................... 4

*Lail v. United States*,
   2012 WL 3779386 (D.S.C. Aug. 10, 2012) ............................................................................ 5

*Leask v. Robertson*,
   589 F. Supp. 3d 506 (D.S.C. 2022) ........................................................................................ 13

*Means v. ABCABCO, Inc.*,
   315 S.W.3d 209 (Tex. App. 2010) ........................................................................................ 10

*Moodie v. Kiawah Island Inn Co., LLC*,
   124 F. Supp. 3d 711 (D.S.C. 2015) ........................................................................................ 11

*Murray v. Holnam, Inc.*,
   542 S.E.2d 743 (S.C. Ct. App. 2001) .................................................................................... 10

*Nichols v. G.D. Searle & Co.*,
   991 F.2d 1195 (4th Cir. 1993) ................................................................................................. 7

*Ostrzenski v. Seigel*,
   177 F.3d 245 (4th Cir. 1999) ................................................................................................... 4

*Plant Genetic Sys., N.V. v. Ciba Seeds*,
   933 F. Supp. 519 (M.D.N.C. 1996) ......................................................................................... 5

*Reinhold v. Tisdale*,
    2007 WL 2156661 (D.S.C. Apr. 30, 2007) .................................................................................. 5

*Rosen v. Halperns' Steak and Seafood Company*,
    2019 WL 109327 (D.S.C. Jan. 4, 2019) ..................................................................................... 9

*Titan Glob. Holdings, Inc. v. Evan*,
    2008 WL 11435706 (N.D. Tex. Oct. 30, 2008) ......................................................................... 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................................................... 9

*Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*,
    434 S.W.3d 142 (Tex. 2014) ..................................................................................................... 10

*Wildlife v. Boyles*,
    608 F. Supp. 3d 336 (D.S.C. 2022) ........................................................................................... 3

*Williams v. City of Dallas*,
    53 S.W.3d 780 (Tex. App. 2001) .............................................................................................. 10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ................................................................................................................... 7

**Statutes**

*Tex. Bus. Orgs. Code Ann.* §§ 5.201, 5.251, 5.255(1) ..................................................................... 6

**Rules**

Federal Rule of Civil Procedure 4 ......................................................................................... *passim*

Federal Rule of Civil Procedure 12 ....................................................................................... *passim*

Texas R. Civ. Pro. 106 ............................................................................................................ 5

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff, a California resident, sues Defendants Sidney Powell and Sidney Powell, P.C. (Powell Defendants), two Texas residents, alleging they wrongly named him as a director of a newly formed Texas corporation, Defending the Republic, Inc. (DTR). Powell Defendants move under Fed. R. Civ. Pro. 12(b)(2), (5), and (6) to dismiss on three independent, but equally dispositive grounds:

- Plaintiff has not served either defendant – leaving a complaint at a lobby desk of a business complex with no authorization to accept service is deficient. Plaintiff has not even filed an affidavit of service for purported service on Ms. Powell.

- There is no personal jurisdiction – this case was filed by a California plaintiff against Texas defendants over conduct undertaken in Texas under Texas law with a separate Texas law firm for the formation of a Texas company.

- The complaint does not state a claim upon which relief may be granted, as the complaint's own allegations disprove fundamental elements of each nonsensical claim.

This case involves a scrivener's error committed several states away from the purported forum state. DTR was formed under the laws of Texas as of December 1, 2020, and is principally located in Texas. A Texas law firm (not Defendant Sidney Powell, P.C.) prepared and filed the DTR formation documents in Texas. At the same time, the Texas law firm also formed Kraken-Wood LLC, an entity in which plaintiff desired to be a member with Ms. Powell. The Texas law firm inadvertently listed plaintiff as a director of DTR in addition to his membership in Kraken-Wood. The mistake quickly was realized and promptly corrected. Dominion Voting Systems later viewed the original filings in apparent mistake and identified plaintiff in one line of a defamation complaint filed against DTR – despite the correct, amended documents being filed prior to Dominion filing its complaint.

Although plaintiff was not named a defendant of the Dominion lawsuit, he asserts that the one line damaged his reputation, causing him economic injury. Plaintiff's allegations are absurd. and lack any merit. However, this Court need not address their absurdity because the complaint should be dismissed on any of the following grounds:

**1. Improper Service.** Plaintiff has not served either Powell Defendant. Instead, plaintiff arranged to have the complaint left at a lobby desk of a business complex where Sidney Powell, P.C. maintains its office. The lobby desk is not authorized to accept service on behalf of either Powell Defendant, thereby making the service deficient. In addition, the affidavit of service for Ms. Powell does **not** identify Ms. Powell. Instead, it states that the complaint was left at the lobby desk *for Sidney Powell, P.C.*, thereby making it deficient for individual service on Ms. Powell.

**2. No Personal Jurisdiction.** Respectfully, the Court may not exercise personal jurisdiction over either Powell Defendant. There is no general personal jurisdiction over Ms. Powell because Ms. Powell is not (and never has been in the time alleged in the complaint) a resident of South Carolina. Nor does she conduct business in South Carolina. Similarly, there is no general personal jurisdiction over Sidney Powell, P.C. because the law firm is not incorporated in South Carolina, does not maintain an office in South Carolina, and does not conduct business in South Carolina.

Nor does specific jurisdiction exist. Plaintiff's claims against defendants *do not arise out of* activities in South Carolina. DTR, a Texas company, is not incorporated in South Carolina and does not have an office in South Carolina. Moreover, its incorporating documents – the basis and heart of plaintiff's allegations from which the claims arise – were prepared in Texas, drafted under Texas law by another Texas law firm, and were filed in Texas.

**3. No Claim Upon Which Relief May Be Granted.** Plaintiff's claims are legally deficient. The face of plaintiff's complaint readily disproves his defamatory statement, not the least of which

includes that (i) neither Powell Defendant made the alleged defamatory statement, (ii) neither Powell Defendant was at fault for the statement, and (iii) the statement itself is not defamatory. Similarly, the complaint harpoons plaintiff's tortious interference with a contract claim because it is based on contract that plaintiff was not a party to. Finally, South Carolina courts do not recognize negligence claims based on a purported defamatory statement.

## STATEMENT OF FACTS

DTR, a non-profit organization, was formed December 1, 2020. ECF 1 (Compl.) ¶¶ 11, 18. A Texas law firm – *not* Defendant Sidney Powell, P.C. – prepared the documents of incorporation and filed them in Texas. *Id.* Ex. A (ECF 1-1). Plaintiff's complaint does not allege – nor can plaintiff establish – otherwise.

When the Texas law firm completed the Texas filings, the documents inadvertently listed plaintiff as a member of DTR's board of directors. *Id.* ¶ 19. Three weeks later, on December 22, 2020, the Texas law firm prepared (in Texas) and filed (in Texas) a Certificate of Amendment for DTR, which removed plaintiff's listing as a director. *Id.* ¶ 22. Following these events, in early January 2021, Dominion Voting Systems filed a defamation lawsuit against DTR. *Id.* ¶ 26. On page eight of a 124-page complaint, Dominion identified plaintiff as a DTR director. *Id.* ¶ 27. The complaint alleges:

> 21.     Defending the Republic, Inc. has three directors: Sidney Powell, L. Lin Wood, and Brannon Castleberry, who, upon information and belief is the owner of CWL Consulting, 'a strategy group specializing in PT/Crisis Comms, Governmental Affairs, and Marketing.' Defending the Republic, Inc. is a Texas corporation that shares a mailing address with Powell's law firm, Sidney Powell, P.C.

*Id.* The Dominion complaint does not identify or reference plaintiff again.  Ex. 1.[1]

---

[1] A true and correct copy of the Dominion Complaint is enclosed as Exhibit 1. Because the Dominion complaint is referenced in the complaint here, this Court may review the Dominion Complaint in the context of a Rule 12 motion to dismiss. *See Goines v. Valley Community Servs.*

After Dominion filed its complaint, Ms. Powell provided plaintiff with an affidavit confirming, among other things: (1) Defending the Republic is certified as a non-profit in Texas; (2) an outside law firm drafted and filed the incorporation documents; (3) the law firm made a mistake in the drafting of the documents; and (4) the Amendment removing plaintiff from DTR's papers had been filed effective December 22, 2020 – which predates the Dominion complaint. *Id.* ¶ 31, Ex. A (ECF 1-1). Plaintiff still filed his complaint. *Id.* ¶ 33.

## GOVERNING STANDARDS

Although a court must treat a complaint's factual allegations as true in a Rule 12(b) motion, the allegations must be well-pleaded and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual matter that is sufficient to "state a claim to relief that is plausible on its face." *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). A claim must be "plausible on its face." *Twombly, supra,* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions and conclusory allegations are not entitled to deference or assumption of truth. *Id.* at 680-81. Dismissal should be granted with prejudice where amending the complaint would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

---

*Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). (For Rule 12(b) analysis, courts "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."); *see also Defs. of Wildlife v. Boyles*, 608 F. Supp. 3d 336, 344 (D.S.C. 2022) ("A document is integral to a complaint if the claims turn on or are otherwise based on statements contained in the document."). !

## ARGUMENT

Powell Defendants request dismissal because plaintiff did not perfect service, there is no personal jurisdiction, and the complaint does not allege a legally sufficient claim.

## I. PLAINTIFF DID NOT SERVE POWELL DEFENDANTS

The failure to perfect service requires dismissal. *See e.g., Reinhold v. Tisdale*, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007). When evaluating improper service, a court may "consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Lail v. United States*, 2012 WL 3779386, at *6 (D.S.C. Aug. 10, 2012). The burden is on plaintiff to prove that service is proper. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Here, plaintiff cannot and does not satisfy this burden of proof.

### A. Plaintiff Did Not Serve Sidney Powell

Plaintiff did not perfect service on Ms. Powell. Federal Rule of Civil Procedure 4(e) states in pertinent part that service upon an individual can be completed *only* by: (1) following the state law for service of process where the individual is being served, or (2) personal delivery to the individual, delivery to a suitably aged resident of the individual's house, or delivery to an authorized agent by appointment or law. None of these options were satisfied.

The service did not comply with Texas law, where Ms. Powell is a resident and where plaintiff attempted to serve her. Under Texas law, a plaintiff may perfect service only by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." *See* Texas R. Civ. Pro. 106. Leaving the complaint at a lobby desk of the business complex where Sidney Powell, P.C., maintains its office does not satisfy Texas R. Civ. Pro. 106. It does not constitute delivery upon Ms. Powell's person under Texas R.

Civ. Pro. 106(1). Nor are the lobby desk personnel members of Ms. Powell's household or authorized to accept service on her behalf. *See Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *3-4 (N.D. Tex. Oct. 30, 2008) (holding that leaving documents with nonresident doorman does not comport with the natural reading of Rule 4 and is invalid service). Thus, the service does not satisfy Texas R. Civ. Pro. 106(2). Therefore, the service on Ms. Powell is improper.

Yet, even if leaving a summons and complaint at a lobby desk with unauthorized personnel at a place of business was proper service – and it is not – the affidavit of service for Ms. Powell filed by plaintiff shows service for *Sidney Powell, P.C., not Ms. Powell*. ECF 13. Thus, the filing of service does not confirm service on Ms. Powell. Because over 90 days has passed since the filing of the complaint, ECF 1 (showing filing date of November 17, 2022), the complaint against Ms. Powell should be dismissed pursuant to Fed. R. Civ. P. 4(m).

### B. Plaintiff Did Not Serve Sidney Powell, P.C.

Plaintiff did not serve Sidney Powell, P.C.. Federal Rule of Civil Procedure 4(h)(1) states in pertinent part that service upon a professional corporation can be completed only: (1) in the manner of 4(e)(1) for serving an individual or (2) by delivering a copy to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process. Texas law mirrors Fed. R. Civ. P. 4(1)(B), stating that a company may be served through its registered agent, or where a corporation fails to maintain a registered agent in Texas, the Texas Secretary of State. *Tex. Bus. Orgs. Code Ann.* §§ 5.201, 5.251, 5.255(1). Thus, under either Rule 4(h)(1)(A) or 4(h)(1)(B), service must be made on Sidney Powell, P.C.'s registered agent.

Here, plaintiff did not deliver the summons and complaint against Sidney Powell, P.C. to its registered agent. Plaintiff attempted to serve Ms. Powell, who is not the registered agent of Sidney Powell, P.C. And even if she were, as noted above, service on Ms. Powell was improper

because the pleadings were left at the lobby desk of the business complex where Sidney Powell P.C. maintains its office. ECF 14. Security personnel are not registered agents of the law firm and neither is Ms. Powell. Therefore, service of process on Sidney Powell, P.C. is improper. For these reasons, the Court should dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5).

## II. THERE IS NO PERSONAL JURISDICTION OVER POWELL DEFENDANTS

Courts engage in a two-step analysis to evaluate personal jurisdiction – (i) whether the long arm statute allows personal jurisdiction under the facts presented, and if not, (ii) whether asserting personal jurisdiction satisfies Due Process. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993). Because South Carolina's long arm statute extends its reach to the outer limits allowed by the Due Process Clause, the only substantive question here is whether exercising personal jurisdiction comports with Due Process. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002); *ESAB Grp., Inc., v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999). The United States Supreme Court established a two-part analysis for Due Process in the context of personal jurisdiction: minimum contacts and fairness. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). In essence, a complaint must show that defendants' conduct and connections with the forum state are such that they should reasonably anticipate being haled into court there by "purposefully avail[ing]" themselves of the privilege of conducting business in the state. *Federal Ins. Co. v. Lake Shore Inc.*, 886 F.2d 654, 658 (4th Cir. 1989).

### A. Defendants Lack South Carolina Contacts for General Jurisdiction.

To permit this Court to exercise general personal jurisdiction under Due Process and South Carolina's longarm statute, the complaint must allege facts that demonstrate "continuous and systematic" contacts with South Carolina. *CFA Inst. v. Inst. Of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009). This is a very high standard, as "even continuous activity

of some sorts within a state is not enough to support jurisdiction." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). For corporate defendants, the requisite "continuous and systematic" contacts must be so substantive that the company "is essentially at home in the forum state." *BNSF Railway Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler A.G. v. Bauman*, 571 U.S. 117 (2014)). To find a corporation is "at home" in a forum state, it must be incorporated there, maintain its principal place of business there, or there must be some other "exceptional circumstance" to permit a court to determine the corporation is "virtually" at home there. *Id.* at 1558-59.

Here, the complaint does not allege facts that would permit an exercise of general personal jurisdiction over Ms. Powell. While the complaint vaguely and baselessly asserts that Ms. Powell "resided" in South Carolina during which she "conducted substantial business," ECF 1 ¶¶ 17, 20, the complaint offers no factual allegation of this purported residence and fails to cite one business activity transacted by her in South Carolina. Nor does the vague allegation withstand scrutiny. It is undisputed that Ms. Powell is a Texas resident. Ms. Powell does not own property in South Carolina, nor does she possess any other hallmark of residency, such as maintaining a bank account in South Carolina, holding a South Carolina driver's license, or being registered to vote in South Carolina. Nor does the complaint allege otherwise. Ex. 2, ¶¶ 2-4.[2] No requisite "continuous and systematic" contacts are alleged or exist to satisfy Due Process.

An exercise of general personal jurisdiction over Sidney Powell, P.C., also is improper. Sidney Powell, P.C. is incorporated in Texas and maintains its principal place of business in Dallas, Texas. Plaintiff has not pleaded any facts whatsoever to support an "exceptional circumstance" that

---

[2] A true and correct copy of the declaration of Sidney Powell made in support of this motion to dismiss is attached hereto as Exhibit 2.

would allow the Court to determine that Sidney Powell, P.C. is "virtually at home" in South Carolina. None are alleged because none exist. Ex. 2, ¶¶ 5-6.

### B. The Claim Does Not Arise From Events in South Carolina for Specific Personal Jurisdiction

To permit specific personal jurisdiction, courts employ a three-part test: "(1) whether and to what extent the defendant purposedly availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally reasonable." *Gault v. Thacher*, 367 F. Supp. 3d 469, 475 (D.S.C. 2018) (citing *Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215-16 (4th Cir. 2001) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). The United States Supreme Court emphasizes that when analyzing the relationship between the defendant, the forum, and the litigation, two aspects must be considered: "(1) the relationship must arise of the contacts that [the defendant] himself creates with the forum state; and (2) the minimum contacts analysis focuses on [the defendant's] contacts with the forum state itself, not the contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) (emphasis in the original); *see also Rosen v. Halperns' Steak and Seafood Company*, 2019 WL 109327 at *3 (D.S.C. Jan. 4, 2019) (same). Here, plaintiff has not alleged or shown that Powell Defendants purposefully availed themselves of the privileges of conducting activities in South Carolina, or that any of plaintiff's claims arise out of any specific contacts either Powell Defendant (or both) had with South Carolina.

This case arises out of the preparation of corporate documents by a third-party Texas law firm, in Texas, under Texas law, to be filed in Texas, for a Texas corporation organized under the laws of Texas. ECF 1-1, ¶ 9; Ex. 2 ¶ 8. Those documents later were amended by the same Texas

law firm, in Texas. ECF 1-1 ¶ 13. Notably, plaintiff is not a South Carolina resident. For these reasons, respectfully, this Court lacks personal jurisdiction over the Powell Defendants and plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## III. THERE ARE NO CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Even if the plaintiff had properly served the Powell Defendants – and he has not – and even if the Court had personal jurisdiction over the Powell Defendants – and, respectfully, it does not – plaintiff's complaint is still subject to dismissal because it fails to state a claim for relief against the Powell Defendants.

### A. There is No Defamation Claim

A complaint must plausibly show the following elements in order for a defamation claim to survive dismissal: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001) (citing *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497 (S.C. 1998)).[3] A defamatory statement "tends to harm

---

[3] Powell Defendants do not concede that South Carolina laws applies to this matter, but for sake of argument only in their motion to dismiss, Powell Defendants cite to South Carolina law. Notably, Texas law recognizes the same elements for a defamation claim. *E.g., Williams v. City of Dallas*, 53 S.W.3d 780, 789 (Tex. App. 2001). Also, unless the statement in question constitutes defamation per se, the plaintiff must prove damages. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 146 n.7 (Tex. 2014). "A statement is defamatory if the words tend to injure the plaintiff's reputation, exposing it to public hatred, contempt, ridicule, or financial injury, or if it tends to impeach the person's honesty, integrity, or virtue. To qualify as defamatory, a statement should be derogatory, degrading, somewhat shocking, and contain elements of disgrace." *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355-56 (Tex. App. Ct. 2013) "A communication that hurts the plaintiff's feelings or is merely unflattering, abusive, annoying, irksome, or embarrassing is not actionable." *Id.*

the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002).

Plaintiff's defamation claim does not satisfy these elements. The face of the complaint does not allege that Powell Defendants published a false and defamatory statement in an unprivileged publication to a third party through their own fault and which caused special harm. Instead, the complaint disproves plaintiff's claim against Ms. Powell and her law firm. The complaint does not allege facts plausibly showing that the alleged statement is "defamatory" within the meaning of the law. The complaint does not allege facts plausibly showing that Ms. Powell and Sidney Powell P.C. published the alleged statement, or that the statement was their fault. To the contrary, the complaint – which also relies on Ms. Powell's declaration (*e.g.,* ECF 1 ¶ 31, ECF 1-1) – establishes that a third-party Texas law firm made the error, not Ms. Powell or her law firm, which was subsequently compounded by another third party's error when Dominion mistakenly relied on a plainly out-of-date filing that had already been amended by the Texas law firm. Further, the allegations also show that *Dominion* published plaintiff's name, which *resulted in* the purported harm, *not* Powell Defendants, and that Dominion made the publication *after* the Texas law firm had amended the DTR incorporation documents removing plaintiff's name as a director.  ECF 1 ¶¶ 22, 26, and 27, see Ex. 1.[4]

For these reasons, plaintiff has failed to state a claim for defamation against the Powell Defendants.

---

[4] This Court may take judicial notice of the date the Dominion complaint was filed. *See Moodie v. Kiawah Island Inn Co., LLC*, 124 F. Supp. 3d 711, 717 (D.S.C. 2015) ("In considering a Rule 12(b)(6) motion, the Court may also properly take judicial notice of matters of public record …").

### B.  There is No Tortious Interference with Contract Claim

A complaint must plausibly show the following elements in order for a tortious interference with a contract claim to survive dismissal: (1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages. *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 642 S.E.2d 726, 731 (S.C. 2007).  Further, the cause of action "protects the property rights of the parties to a contract against unlawful interference by third parties," and may not be brought against parties to the contract at issue. *Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*, 753 S.E.2d 840, 844 (S.C. 2012). Again, plaintiff's complaint disproves his claims.

As a preliminary matter, the complaint alleges that Ms. Powell contracted with CWL to perform work – she did not contract with plaintiff, individually, who brings this lawsuit individually. ECF 1 ¶ 16. Thus, presumably unintentionally, plaintiff shows that there is *no* existing contract between plaintiff and either Powell Defendant on which to base his claim. In other words, plaintiff does not identify a contract to which he is party with Ms. Powell or Sidney Powell P.C. This is fatal to his claim. Further, he circularly pleads that his reputation was harmed by a single statement affiliating him with DTR, ECF 1, ¶ 29, but that he also has been harmed because he no longer is permitted to work with DTR, ECF 1, ¶ 34. His bare assertion that the "contractual relationship between the parties changed...inured to the Plaintiff's financial detriment" as proof of financial detriment also falls well short of pleading standards to survive a motion to dismiss. ECF 1 ¶ 50.

Perhaps even more detrimental to plaintiff's claim is that a tortious interference with contract claim only protects parties to a contract from *third parties*. Here, both Powell Defendants are alleged

-12-

parties to the contract, thereby making the claim inapplicable.[5] *Dutch Fork Dev.*, 753 S.E.2d at 844. For these reasons, Plaintiff has failed to state a claim for tortious interference with contract against the Powell Defendants.

### C. The Negligence Claim is Not Cognizable

Plaintiff's threadbare complaint fails to identify a specific duty of care Ms. Powell or Sidney Powell, P.C. owed to plaintiff – or how it was breached – to support a negligence claim. This alone warrants dismissal. *Twombly*, 550 U.S. at 555 ("allegations must be well-pleaded and 'must be enough to raise a right to relief above the speculative level'"). Yet, even if plaintiff had conjured up such a duty of care, it would not save his claim. South Carolina courts are clear: a plaintiff may not dress a "defamation claim in sheep's clothing" by asserting negligence. *Leask v. Robertson*, 589 F. Supp. 3d 506, 529 (D.S.C. 2022). "A claim that a statement constitutes libel or slander must be brought in a defamation cause of action, which is grounded in and affected by both common and constitutional law." *Id*. at 528-29 (citing *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 673–74 (S.C. 2006) (affirming dismissal of claim that defendant had been negligent in making defamatory statement)). As this Court reasoned in *Leask*, a negligence claim for making a defamatory statement would "allow plaintiffs to sneak into the courthouse through the back door when they were unable to plead strict elements of defamation through the front door." *Id.* For these reasons, plaintiff's negligence claim should be dismissed.

### CONCLUSION

Plaintiff has filed a threadbare, nonsensical complaint ripe for dismissal. Plaintiff has not served either Powell Defendant. Nor has he shown that personal jurisdiction exists – at its

---

[5] The complaint alleges that Ms. Powell and Sidney Powell, P.C. are the same in a "unity of ownership and interest," and that "there is no discernable difference" between them. ECF 1 ¶ 10.

unadulterated essence, this case involves a California plaintiff against two Texas defendants over conduct of a separate, third-party Texas law firm which took place in Texas regarding the formation of a Texas corporation. Finally, the complaint does not state a claim upon which relief may be granted. The complaint's own allegations disprove fundamental elements in each claim or show that the claim is not cognizable under South Carolina law.

Amendment of the complaint would be futile. For all these reasons, Defendants Sidney Powell and Sidney Powell, P.C., respectfully request that this lawsuit be dismissed with prejudice. *See Cozzarelli v. Inspire Pharmaceuticals, Inc*., 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice under Fed. R. Civ. P. 12(b)(6) when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

[*SIGNATURE APPEARS ON NEXT PAGE*]

Respectfully submitted,

CHANDLER & DUDGEON LLC

s/Amanda K. Dudgeon
Amanda K. Dudgeon, Fed ID 9681
E-Mail: mandi@chandlerdudgeon.com
P.O. Box 547
Charleston, SC 29402
Phone: (843) 577-5410
Fax: (843) 577-5650

Joshua A. Mooney
Joshua.Mooney@kennedyslaw.com
(*pro hac vice* motion forthcoming)
Kennedys
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Phone: (267) 479-6706
Fax: (215) 665-8475

Marc Casarino
marc.casarino@kennedyslaw.com
(*pro hac vice* motion forthcoming)
Kennedys
919 North Market Street, Suite 1550
Wilmington, DE 19801
Phone: (302) 308-6647
Fax: (302) 308-6646

*Attorneys for Defendants Sidney Powell and Sidney Powell, P.C.*

Dated: April 10, 2023