# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| BRANNON CASTLEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY POWELL, SIDNEY POWELL, P.C., AND DEFENDING THE REPUBLIC, INC.,<br><br>Defendants. | C.A. No. 9:22-cv-4133-RMG |

## POWELL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

Plaintiff's opposition shows why Powell Defendants' motion to dismiss should be granted. Plaintiff resorts to bald and conclusory assertions to urge that personal jurisdiction exists over Powell Defendants, two Texas residents in an action alleging a scrivener's error committed in Texas by a non-party Texas law firm. Conjecture and speculation do not demonstrate personal jurisdiction. Simply put, plaintiff does not show the requisite "continuous and systematic" contact with South Carolina, or satisfaction of the three-part test employed by South Carolina federal courts, to demonstrate personal jurisdiction. *Plaintiff does not even address the law*.

Yet even if personal jurisdiction did exist – and, respectfully, it does not – the complaint's legal defects mandate dismissal under Rule 12(b)(6). Plaintiff's reliance on allegations neither contained in the complaint, nor part of a document integral to it, is impermissible and highlights the futility of his arguments. Nor does plaintiff address the flaws at the heart of plaintiff's claim – that even if adequately pled, as a matter of law, plaintiff has not asserted viable claims. Instead, he

ignores the fundamental flaws in his claims and hopes that this Court will, too.

Finally, plaintiff concedes that he never served either Powell Defendant, thereby warranting dismissal. His motion for enlargement is a red herring and should be denied. It would not cure the defects in his lawsuit – namely, lack of personal jurisdiction and failure to adequately plead a viable claim. At best, it would simply bring this dismissal motion right back to the Court. Judicial economy and efficient use of judicial resources require better. For all these reasons, and for those detailed in the previously filed memorandum of law, Powell Defendants' motion to dismiss should be granted.

## LEGAL ARGUMENT

### I. PLAINTIFF ARGUES CONJECTURE IN LIEU OF THE LAW

It is telling that plaintiff's opposition addresses personal jurisdiction with minimal effort. He has not met his burden to counter Powell Defendants' arguments and, respectfully, this Court does not have personal jurisdiction over the Powell Defendants.

To be clear, this lawsuit does not involve South Carolina or contacts therein. Plaintiff does not contest that Powell Defendants are Texas residents. He does not contest that the lawsuit involves the formation of a Texas corporation (DTR), or that a law firm located in Texas both committed the scrivener's error and filed the document in Texas. Nor does plaintiff identify any alleged "continuous and systematic" contacts with South Carolina in his complaint to exercise general personal jurisdiction under Due Process and South Carolina's longarm statute. *CFA Inst. v. Inst. Of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009). In addition, plaintiff does *not* show that his allegations satisfy the three-pronged test employed by South Carolina federal courts for specific jurisdiction. *E.g., Gault v. Thacher*, 367 F. Supp. 3d 469, 475 (D.S.C. 2018) ("(1) whether and to what extent the defendant purposedly availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections

of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally reasonable"); *see also Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215-16 (4th Cir. 2001).

Instead, plaintiff wholly ignores the law and alleges without citation or support that:

> While in South Carolina, Defendant Sidney Powell conceived of, created and caused a Certification of Formation for Defending the Republic, Inc. to be filed and falsely listed the Plaintiff as "Director 2."

(ECF 21 at 3.) He cites (solely) to the Powell declaration attached to his complaint, but that is a non sequitur. The declaration *never* mentions South Carolina, or suggests that the steps taken to form DTR took place there. (*See* ECF 21-3 ¶ 9 ("As a part of this Certificate of Formation process, I engaged a law firm to prepare the formation documents, and Brannon Castleberry of CWL Consulting, LLC was erroneously and mistakenly listed as a Director of Defending the Republic, Inc.").) Plaintiff also alleges that:

> Defendant Sidney Powell acted on behalf of herself, her law firm and Defendant DTR and in their interests while in South Carolina.
>
> Defendant Sidney Powell, "reached into South Carolina to solicit and initiate business."
>
> Defendant Sidney Powell solicited funds from South Carolina residents, and still does.
>
> Therefore, this Court has specific jurisdiction over Defendant Sidney Powell and her law firm.

(ECF 21 at 3.) He offers no facts, no citations, and no legal authority in support.

Once Powell Defendants objected to personal jurisdiction in their motion to dismiss, the burden for proving jurisdiction shifted back to plaintiff. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) ("Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at

every stage following such a challenge.") Plaintiff has not met this burden. *Sonoco Prod. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404 (D.S.C. 2012) (in opposition to Rule 12(b)(2) motion, plaintiff must "prove grounds for jurisdiction by a preponderance of the evidence."). He has not even addressed it. *Waiters v. Sci. Applications Int'l Corp.*, 2019 WL 5874132, at *10 (D.S.C. May 10, 2019) (plaintiff abandoned claim by failing to address argument raised in defendant's motion to dismiss).

## II.     PLAINTIFF IGNORES THE FATAL FLAWS AT THE HEART OF HIS CLAIMS

A complaint must be well-pleaded and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). This means a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's complaint fails these bedrock requirements. Plaintiff does not address the inadequacies identified by Powell Defendants or the legal authority cited. In failing to do so, he further amplifies why dismissal is warranted.

**The defamation claim.** Plaintiff ignores several other flawed defects of his defamation claim. For instance, the complaint does not allege facts plausibly showing that plaintiff's listing in DTR's formation papers – an organization "established for the purpose of ensuring fair and honest elections in America" – is "defamatory" within the meaning of the law. (ECF 18 at 18; ECF 21-1 ¶ 7.) *See Fleming v. Rose*, 567 S.E.2d 857, 860 (S.C. 2002) (defamatory statement "tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him"). In his opposition, plaintiff seems to concede the

point, admitting that he and Sidney Powell were "like-minded," and that he "believed the election was somehow 'stolen.'" (ECF 21 at 1.)

Plaintiff also ignores that his complaint does not allege facts showing that Powell Defendants published the alleged statement or that it was their fault. The complaint establishes that a *third-party Texas law firm* made the error, which plaintiff appears to concede. Plaintiff does not dispute that *Dominion* published the statement – not Powell Defendants – by improperly relying on a plainly out-of-date filing that already had been amended. (ECF 18-1 at 18.) Plaintiff's opposition merely repeats what his defective complaint alleges:

> Defendant Sidney Powell, through her law firm and DTR is alleged to have published a false and defamatory statement in its Certification of Formation which was subsequently placed into the public record which set forth a disastrous set of events which are causally related to her actions.

(ECF 21 at 4.) That is not enough.

**The negligence claim.** The same affidavit plaintiff relies on to bolster his "negligence" claim confirms that neither Powell Defendant published the statement in question. This fact is fatal to plaintiff's claim. More critically, plaintiff also ignores that under South Carolina law, negligence claims are subsumed by defamation claims. *E.g., Leask v. Robertson*, 589 F. Supp. 3d 506, 529 (D.S.C. 2022) (plaintiff may not dress "defamation claim in sheep's clothing" of negligence claim). (ECF 18-1 at 20.) Ignoring that the negligence theory is unavailable to him under South Carolina law, plaintiff responds only, "Plaintiff has clearly pled facts to support his claim for negligence." That is not enough to survive dismissal.

**Tortious interference claim.** In response to this flawed claim, plaintiff argues in total:

> Plaintiff is a principal in a company known as CWL. CWL was hired by Defendant Powell on behalf of Defendant DTR. Plaintiff is an intended third-party beneficiary to the contract.

5

> Because Defendant Powell has instructed the other principal in CWL to "freeze-out" the Plaintiff by not allowing him to work on DTR issues nor collect any of the fees paid by DTR to CWL, he has lost income.
>
> Plaintiff asserts this is a black-letter example of tortious interference with contract.

(ECF 21 at 4.) These gratuitous and self-serving assertions are not enough to withstand dismissal.

First, aside from being unsupported, these allegations are beyond the four corners of the complaint. A plaintiff may not refer to facts outside the complaint in opposition to a motion to dismiss under Rule 12(b)(6). *Hollis v. Aiken Cnty. Pub. Sch. Dist.*, 2021 WL 1232595, at *3 (D.S.C. Feb. 26, 2021) (additional allegations outside complaint in response to motion to dismiss cannot be considered); *see also Sadler v. Pella Corp.*, 146 F.Supp.3d 734, 759 n.13 (D.S.C. 2015)("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Second, plaintiff now concedes that he was not a party to the contract. (ECF 21 at 4.) Even if plaintiff were a "third-party beneficiary" to the contract – another new allegation not contained in the complaint – that status still does not cure the legal defect of his claim. Powell Defendants, according to the complaint, are parties to the contract at issue and, therefore, cannot be sued for tortious interference with it. *Callum v. CVS Health Corporation*, 137 F. Supp. 3d 817, 862 (D.S.C. 2015) (tortious interference with contract requires "a plaintiff to show the defendant was a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract"); *Threlkeld v. Christoph*, 312 S.E.2d 14, 15 (S.C. Ct. App. 1984) ("an action for tortious interference protects the property rights of the parties to a contract against unlawful interference by *third parties*") (emphasis added).[1]

---

[1] The complaint alleges that "there is no discernable difference between" Powell Defendants, and that they are one and the same. (ECF 1 ¶10.)

**III.     PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME SHOULD BE DENIED AS FUTILE AND UNJUSTIFIED**

Plaintiff concedes that he never served either Powell Defendant. This warrants dismissal. To stave off dismissal, plaintiff has filed a contemporaneous motion for enlargement of time to effect service. The motion is a red herring and should be denied. An enlargement of time would not cure the defects identified above, and plaintiff has not shown diligence to justify his request.

Granting an extension of time will not cure the complaint's defects, which are detailed in Powell Defendants' arguments above. It will not create personal jurisdiction. It will not add factual allegations to the complaint. It will not cure the legal flaws in the causes of action plaintiff asserts. An enlargement of time would be futile and at best only bring the parties right back to this dispute.

Nor has plaintiff shown good cause to justify an extension. Under Federal Rule 4(m), granting an extension of time is left to the discretion of the district court. *Gelin v. Shuman*, 35 F.4th 212, 218-19 (4th Cir. 2022). It is required only where there is "good cause." *Id.* Good cause is found if "failure of service is due to external factors, such as the defendant's intentional evasion of service"; claims for good cause are weakened by a "fail[ure] to seek extension of time before [the] deadline [has] lapsed." *Id*. (*citing Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)).

Plaintiff has not shown good cause here. While plaintiff alleges that the Powell Defendants "have been very difficult to get served," they fail to detail the supposed difficulty (beyond plaintiff's emailing of service documents to the Dallas County Constable's Office or trying to serve a complaint during the holidays when many vacation), or steps undertaken to address the alleged difficulty. (ECF 20 ¶¶ 4, 8). Plaintiff admits that he had the purported affidavits of service in hand by early December. (ECF 20-3.) He admits that he was so troubled by them that he attempted service again during the holidays – when Ms. Powell was on vacation. (ECF 20-4.) He admits that he did nothing else when the complaints were returned in mid-late January. He does not explain

7

how he could serve one company's registered agent under Texas law – DTR – but not the registered agent of the another – Powell, PC. (ECF 20 ¶¶ 3-4.) He does not explain why he took *no further action*, including requesting an extension of time then or at any time prior to when the ninety-day service deadline expired on February 15, 2023.

For these reasons, too, Powell Defendants' motion to dismiss should be granted, and plaintiff's motion for enlargement of time should be denied.

          Respectfully submitted,

          CHANDLER & DUDGEON LLC

          s/Amanda K. Dudgeon
          Amanda K. Dudgeon, Fed ID 9681
          E-Mail: mandi@chandlerdudgeon.com
          P.O. Box 547
          Charleston, SC 29402
          Phone: (843) 577-5410
          Fax: (843) 577-5650

          Joshua A. Mooney
          Joshua.Mooney@kennedyslaw.com
          (*pro hac vice* motion forthcoming)
          Kennedys
          1600 Market Street, Suite 1410
          Philadelphia, PA 19103
          Phone: (267) 479-6706
          Fax: (215) 665-8475

          Marc Casarino
          marc.casarino@kennedyslaw.com
          (*pro hac vice* motion forthcoming)
          Kennedys
          919 North Market Street, Suite 1550
          Wilmington, DE 19801
          Phone: (302) 308-6647
          Fax: (302) 308-6646

          *Attorneys for Defendants Sidney Powell and Sidney Powell, P.C.*

Dated: May 1, 2023